587 S.E.2d 110

**In the Matter of Russell BROWN, Respondent.**

No. 25724.

Supreme Court of South Carolina.

Submitted Sept. 2, 2003.

Decided Sept. 29, 2003.

Henry B. Richardson, Jr., and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

David Christopher Shea, of Columbia, for Respondent.

PER CURIAM.

Respondent and Disciplinary Counsel have entered into an agreement pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to accept an admonition or a public reprimand. Respondent also agrees to resign from membership in the South Carolina Bar effective December 31, 2003. Because respondent is 71 years old and has agreed to resign from the Bar, we accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

### *Facts*

### I. *Tax Sale Matter*

Respondent was consulted by a client concerning a property dispute which resulted from a tax sale of the client's property. The client paid respondent a retainer of approximately $175. Thereafter, respondent investigated the tax sale and reported his findings to the client. The case was scheduled for trial before the master-in-equity in Charleston. Meanwhile, the client retained a new attorney who obtained the contents of

the client's file from respondent. When the case came before the master-in-equity, respondent appeared as attorney for the opposing party.

The property matter was the same or substantially related to the matter in which the former client had consulted respondent prior to the date of the hearing. The former client's interests were materially adverse to the party respondent represented at the hearing. Respondent did not, prior to the trial, consult personally with the former client about his adverse representation of the opposing party at trial nor did he obtain the former client's consent to represent the opposing party.

## II.  *Court Reporter Matter*

On three separate occasions, respondent failed to promptly remit payment to Ray Swartz and Associates, Professional Court Reporters, for transcripts. On one occasion, respondent submitted a check which was returned due to insufficient funds. Respondent made repeated promises to pay the amounts, but did not do so until after letters of complaint were sent to the Commission on Lawyer Conduct by Ray Swartz and Associates.

## III.  *Criminal Trial Matter*

Respondent represented a client in a non-capital murder trial. Respondent argued the wrong burden of proof in his closing argument, stating the burden of proof was clear and convincing evidence. He also made a post-trial motion for judgment notwithstanding the verdict although the only proper post-trial motion was a motion for a new trial. Respondent set forth mitigating circumstances and argued for parole eligibility for less than twenty years despite the fact that the case was a non-capital case in which statutory mitigating factors did not apply and the client was facing a statutorily mandated life sentence with parole eligibility after twenty years. Finally, respondent failed to sufficiently advise his client about the risks of testifying, resulting in the solicitor being able to use evidence of a prior bad act against the client during cross-examination. Respondent did not make a record of the extent of his advice to the client.

In addition, respondent had engaged in a sexual relationship with the client's mother prior to representing the client at trial. Respondent did not disclose that information to the client prior to or during the trial.

## IV. *Real Estate Closing Matter*

Respondent performed a real estate closing for a client. New Home Builders, a construction company of which respondent was president at the time, loaned the client $7,000. Respondent and another corporate officer signed the check. This loan was made without advising the client to seek the advice of independent counsel.

## V. *Quiet Title and Partition Matter*

Respondent was retained by a client to quiet title to a piece of property. The client was unable to pay the initial cost of the representation so respondent agreed to front all costs and recoup any expenses he may incur upon settlement and sale of the property. No written contract was entered into by respondent and the client. Respondent failed to document the time he spent on the matter.

Respondent conducted a title search and filed a Lis Pendens, Summons and Complaint, and a Notice of Intent to Refer the Case to the Master–In–Equity, in circuit court. The action to quiet title also included a claim to partition the land so that it could be sold. The matter was referred to the master-in-equity who wrote a letter to respondent detailing problems with the case which rendered it unable to proceed. Thereafter, no action was taken on the case and it was eventually dismissed for lack of prosecution.

The client contacted respondent in an effort to obtain information about her case, but respondent failed to return her telephone calls. The client, accompanied by her children, went to respondent's office to discuss delays in the case and to request the return of the client's file so that she could seek other counsel; however, respondent refused to release the file. A confrontation ensued, and respondent ordered the client and her children to leave his office. When they refused to leave, respondent summoned the police.

The client paid respondent $500 for expenses related to the case. Respondent informed the Commission on Lawyer Conduct that he expended over $1,400 in personal funds on the case. As a result, respondent asserted a lien on the client file and refused to release any documents to the client other than documents the client had provided to him. The assertion of such a lien on the client's file was done without basis in law or fact.

## VI. *Forgery Matter*

In 1971 and 1972, respondent prepared three deeds which bore the forged signatures of several grantors. All of the signatures were witnessed and/or notarized by respondent and/or his secretary or another notary public. The forged signatures were placed on the deeds without the knowledge or consent of the grantors and outside the presence of the witnesses or notary. Respondent did not forge the grantor's names on the deeds in question, but failed to fulfill his duties as witness and/or notary or failed to properly supervise his secretary when she served as a witness to the deeds. Moreover, respondent failed to include one of the grantors on the three deeds. In 1973, another lawyer prepared a deed, which included the names of all of the grantors, conveying a parcel of the property to a different grantee.

## VII. *Failure to Respond*

Respondent failed to reply to a Notice of Full Investigation sent to him by the Commission on Lawyer Conduct in one of the above matters. An examination of respondent's file at the Notice to Appear, conducted pursuant to Rule 19(c)(4), RLDE, Rule 413, SCACR, revealed a handwritten response, a draft of a typed response, a transmittal letter and an unsigned file copy of a response mailed to the Commission; however, a response was never received by the Commission.

### Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.7(a) (a lawyer shall not represent a client if the representation of that client will be

directly adverse to another client unless the lawyer reasonably believes the representation will not adversely affect the relationship with the other client and each client consents after consultation); Rule 1.9(a) (a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation); Rule 3.2 (a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client); Rule 4.1 (in the course of representing a client a lawyer shall not knowingly make a false statement of material fact or law to a third person or fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(c) (it is professional misconduct for a lawyer to engage in conduct involving moral turpitude); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent concedes that his misconduct constitutes grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct); Rule 7(a)(3) (it shall be a ground for discipline for a lawyer to fail to respond to a lawful demand from a disciplinary authority including a request for a response); Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute); and Rule 7(a)(6) (it shall be a ground for discipline for a lawyer to violate the oath of office taken upon admission to practice law in this state).

### Conclusion

Normally, the misconduct set forth in this opinion would warrant an indefinite suspension. However, as stated earlier, respondent is 71 years old and has agreed to resign from the

South Carolina Bar. Respondent would have to appear before this Court's Committee on Character and Fitness before seeking to be readmitted. Respondent would also have to meet the requirements of Rule 402, SCACR, before being readmitted, which, in addition to approval by the Committee on Character and Fitness, require him to take and pass the Bar Examination. It is only because of respondent's age, his agreement to resign from the South Carolina Bar and the unlikelihood that he will ever be readmitted to practice law in this state that we issue a public reprimand in this matter. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his actions.

**PUBLIC REPRIMAND.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur. MOORE, J., not participating.